# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT R. MORRIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 11-951 |
| PHOENIX INSTALLATION & MANAGEMENT CO., *et al.*, | ) ) ) ) | Judge Cathy Bissoon |
| Defendants, | ) ) ) | |
| v. | ) ) | |
| DECO-TOOLS, | ) ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons that follow, Defendant Phoenix's Motion for Summary Judgment (Doc. 97) and Third-Party Defendant Deco's Motion for Summary Judgment (Doc. 87) will be denied. Furthermore, Defendant Uchihama's Motion for Summary Judgment (Doc. 91) will be granted regarding the strict liability and warranty claims brought against it, but denied regarding negligence.

### BACKGROUND

The parties are well acquainted with the facts, and the Court will provide only a brief summary for context. Plaintiff has brought this product liability lawsuit, alleging injuries he suffered in a workplace accident. Plaintiff was performing maintenance on an automobile-painting conveyor line, when the conveyor started moving and his ankle was crushed by a pallet.

*See generally* Phoenix's Br. (Doc. 99) at 1-2. Prior to attempting the repair, Plaintiff pressed two "hold" buttons, one in the "paint kitchen" and one on the "Deco" control panel, believing that this would stop the conveyor line until the repair was finished. *See id.* at 6. Plaintiff alleges that, because the "hold" buttons did not in fact "hold," the conveyor was defectively designed, and he has sued Phoenix, who sold and installed the machinery, and Uchihama, who provided consulting services regarding "best practices and procedures" for painting automobile parts, including use of the conveyor line. *See generally* Phoenix's Br. (Doc. 99) at 2; Uchihama's Br. (Doc. 92) at 2.

Phoenix has brought in Deco as a Third-Party Defendant, and that company manufactured and installed robots on the conveyor line. *See* Deco's Facts (Doc. 90) at ¶ 30. One of the two hold buttons pressed by Plaintiff was located on a control panel installed by Deco. *Id.* at ¶ 23. Deco has introduced evidence that the hold button on the Deco panel, while physically placed on the panel by one of Deco's employees, was installed at the behest of Eric Rendon. Mr. Rendon was an agent of the sister-company of Plaintiff's employer, and, according to Phoenix, it was Mr. Rendon who decided to install both hold buttons involved in this lawsuit. *See* Phoenix's Br. (Doc. 104) at 4. Phoenix also has introduced evidence that Mr. Rendon received substantial training from, and had significant contacts with, Uchihama regarding the conveyor line. *See generally id.* at 3-4.

## ANALYSIS

### A. <u>Phoenix's Motion for Summary Judgment</u>

Although the Court is not entirely surprised that Phoenix has moved for summary judgment, it would seem fairly obvious to a sophisticated reader that its defenses in this case are ill-suited for judicial resolution, as opposed to decided by a jury. This conclusion is sufficiently

self-evident that the Court does not believe it a good use of judicial resources to provide more than brief-and-to-the-point explanations rejecting Phoenix's arguments. Were the undersigned's analyses more full-throated, the result would be the same, and, in any event, the Court will extend the courtesy of saying more than simply, "denied."

First, the Court rejects Phoenix's arguments under the Restatement (Second) of Torts, because the Court of Appeals for the Third Circuit has made clear that the Restatement (Third) currently must be applied. *Compare* Phoenix's Br. (Doc. 99) at 9-16 (making arguments under Restatement (Second)) *with* Sikkelee v. Precision Airmotive Corp., 2012 WL 5077571, *1 (3d Cir. Oct. 17, 2012) (holding, several months after decision in Beard v. Johnson & Johnson, Inc., 41 A.3d 823 (Pa. 2012), viewed by some as modifying law in question, that district courts still should follow 3d Cir. precedent predicting application of Restatement (Third)). Although the issue of which Restatement applies now is pending before the Supreme Court in Tincher v. Omega Flex, Inc., 64 A.3d 626 (Pa. 2013), the undersigned will not entertain requests to revisit this issue unless and until that Court speaks.

Second, as to the Restatement (Third), the Court disagrees with Phoenix's assertion that the Court may decide, as a matter of law, that it was unforeseeable that Plaintiff would use the hold buttons for the purpose of stopping the conveyor line during maintenance and repair. *See* Phoenix's Br. (Doc. 99) at 17-18. Plaintiff has introduced evidence showing that other employees, as well as a Uchihama engineer present at the time of the accident, likewise believed that "hold" meant "hold." *See* Pl.'s Br. (Doc. 114) at 13-14 (citing record evidence). Foreseeability is an issue for the jury.

Third, Defendant has not demonstrated its entitlement to summary judgment based on Plaintiff's assumption of risk. *See* Phoenix's Br. (Doc. 99) at 18-20. It is not clear whether the

assumption-of-risk doctrine applies under the Restatement (Third). *See* <u>Dep't of Planning & Natural Res. v. Century Aluminum Co.</u>, 2012 WL 4450834, *4 n.6 (D. V.I. Sept. 26, 2012) (interpreting state statute materially identical to Rest. (3d) as "ha[ving] abandoned [s]pecial ameliorative doctrines for defining plaintiff's negligence, including assumption of the risk") (citation to quoted source omitted). Even if the doctrine applies, at best it presents a jury question. *See* <u>Longwell v. Giordano</u>, 57 A.3d 163, 169-70 (Pa. Super. 2012) (assumption-of-risk is "a subjective [standard]," applicable only "where it is beyond question that [plaintiff] voluntarily and knowingly proceeded in the face of an obvious and dangerous condition") (citation to quoted sources omitted).

Fourth, Phoenix is not entitled to summary judgment based on Plaintiff's alleged negligence-*per-se* in failing to observe OSHA regulations requiring him to "lock out/tag out" (a more thorough procedure for shutting down the conveyor line). *See* Phoenix's Br. (Doc. 99) at 20-21. Plaintiff has introduced evidence that his employer did not have, and/or did not observe, lock out/tag out procedures. *See* Pl.'s Br. (Doc. 114) at 17 (citing record evidence). The same evidence regarding other employees' belief that "hold means hold" precludes an entry of summary judgment on this issue. *See* discussion *supra* (finding that foreseeability is jury question). Furthermore, Pennsylvania courts have held that a failure to comply with OHSA regulations does not constitute negligence *per se*. <u>Export Boxing & Crating Inc. v. Tech Met</u>, 2003 WL 22272981, 62 Pa. D. & C.4th 45, 57-58 & n.3 (Pa. Comm. Pl. Mar. 6, 2003).

Fifth, the Court concludes that Phoenix has not demonstrated entitlement to summary judgment on Plaintiff's warranty claims. Phoenix briefly challenged these claims in its opening brief, Plaintiff made colorable arguments in opposition, and Phoenix offers no rebuttal in reply. *See* Doc. 99 at 21-23, Doc. 114 at 20-21 *and* Doc. 120. The parties' decision to invest little

energy regarding these issues is sensible, as it is commonly recognized that warranty claims are, in most contexts, indistinguishable from claims of strict liability. *See* Gumbs v. Int'l Harvester, Inc., 718 F.2d 88, 94-95 (3d Cir. 1983) (collecting decisions recognizing that "the elements of the two theories are essentially the same"); *see also, e.g.*, Mendoza v. Gribetz Int'l, Inc., 2011 WL 2117610, *5 (E.D. Pa. May 27, 2011) (holding same under Pennsylvania law) *and* USAirways v. Elliott Equip. Co., 2008 WL 4425238, *5 (E.D. Pa. Sept. 29, 2008) (same). Under the circumstances presented, Phoenix's request for summary judgment will be denied.[1]

Last, the Court summarily rejects Phoenix's argument regarding damages. *Compare* Phoenix's Br. (Doc. 99) at 23-24 (arguing that Plaintiff cannot recover for impaired future earnings) *with, e.g.,* Hatwood v. Hospital of Univ. of Pa., 55 A.3d 1229, 1240-41 (Pa. Super. 2012) ("[t]he duty of assessing damages is within the province of the jury and should not be interfered with by the court, unless it clearly appears that the amount awarded resulted from caprice, prejudice, partiality, corruption or some other improper influence") (citation to quoted source omitted); *see also* DMP Ltd. P'ship v. Caribou Coffee Co., Inc., 2009 WL 2750257, *3 (W.D. Pa. Aug. 26, 2009) (declining to rule on request for partial summary judgment regarding damages because "[t]he piecemeal resolution of the issues raised" would "not simplify significantly or extenuate the evidence at trial") (citation to quoted source omitted).

---

[1] To be fair, Phoenix's reply brief was the subject of a Court-imposed page limitation, and it should not be faulted for using its limited space to address more substantial issues. Given that Plaintiff has made colorable arguments in opposition, however, it would be no more appropriate for the Court to expend substantial energy analyzing the matter in a vacuum. The undersigned also notes that, in declining to so treat the warranty issues, the Court by no means endorses the proposition that warranty and strict liability claims are one and the same. *Cf.* Phillips v. Cricket Lighters, 883 A.2d 439, 445 n.6 (Pa. 2005) (rejecting this proposition in case where distinction between theories mattered). Rather, the Court merely joins the parties in recognizing the "side-car" nature of the warranty claims, and it declines to rule on summary judgment in the absence of more serious consideration.

For all of these reasons, Phoenix's Motion for Summary Judgment will be denied in its entirety.

### B.     Uchihama's Motion for Summary Judgment

Uchihama argues that it did not design the conveyor line, and that, at most, it allowed Phoenix and/or Plaintiff's employer to copy the design used in its Japanese facilities. *See generally* Uchihama's Br. (Doc. 92) at 9-12. Likely in recognition that designs and technical drawings are not "products" under the law of strict liability, and also that Uchihama was not a "seller," Phoenix has forgone opposition to Uchihama's request for summary judgment on strict liability and warranty. *See generally* Phoenix's Opp'n Br. (Doc. 104). Although Plaintiff still resists summary judgment on these theories, the Court remains unconvinced that Uchihama's involvement can be construed as the "selling" of a "product." *See, e.g.*, Kalumetals, Inc. v. Hitachi Magnetics Corp., 21 F. Supp.2d 510, 515 (W.D. Pa. Oct 14, 1998) *and* Snyder v. ISC Alloys, Ltd., 772 F. Supp. 244, 249-51 (W.D. Pa. Aug. 16, 1991) (designs, drawings and technical advice are ineligible for treatment under strict liability theory).[2] Plaintiff's warranty claims also fail for the same reasons. *See* Uchihama's Br. (Doc. 92) at 14-16.

The same cannot be said, however, regarding negligence. The evidence cited by Phoenix indicates that Uchihama was far more involved in the design and implementation of the conveyor line than its Motion papers suggest. *See* Phoenix's Br. (Doc. 104) at 2-4 (highlighting record evidence that Uchihama allowed Plaintiff's employer, pursuant to parties' licensing agreement, to utilize technology installed in Uchihama's Japanese facilities, that Uchihama received royalties under licensing agreement with employer, that *Uchihama* approached Phoenix

---

[2] These cases, and some of the others cited herein, were decided under the Restatement (Second). To the extent that the Court has cited such cases, it has determined that the legal principles therein have retained vitality.

regarding installation of conveyor line, that Mr. Rendon received communications and instruction from Uchihama regarding line, and that Mr. Rendon discussed installation of hold buttons with Uchihama). The Court finds more than enough evidence of Uchihama's involvement to conclude that a duty-in-tort exists. *See* Phoenix's Br. (Doc. 104) at 4-8 (presenting arguments for imposition of duty, hereby adopted by Court).

Thus, Uchihama's Motion will be granted regarding strict liability and warranty, but denied with respect to negligence.

### C. Deco's Motion for Summary Judgment

The evidence, largely undisputed by the parties, establishes that Deco's involvement regarding the hold button on its panel was rather limited. Essentially, during or just after completing installation of the Deco control panel, one of its (presumably non-management-level) employees was asked by Mr. Rendon to physically install a hold button. *See generally* Deco's Facts (Doc. 90) at ¶¶ 30-32, 35-37. The hold button materials were supplied by Mr. Rendon, and he was responsible for requesting, instructing and directing the installation. *See id.* Deco later included in its written "Operation Manual" a description of the hold button and its purpose/function, albeit a description that Deco claims was provided by Mr. Rendon, and Plaintiff's liability expert has referenced that (arguably misleading) description for the purposes of showing a product defect. *See generally* Deco's Reply Br. (Doc. 118) at 2; Pl.'s Expert Rpt. (filed under Doc. 113-24 at pg. 6 of 19).

This appears to be the extent of Deco's potential involvement, and admittedly it is thin. This observation, however, does not resolve the legal questions regarding whether Deco now may be released from this lawsuit.

In the Court's view, Phoenix's claims against Deco implicate the legal precept of "substantial modification." Under Pennsylvania law, a manufacturer or seller cannot be held liable if the defect was created by a substantial alteration in the product amounting to a supervening or intervening cause of the plaintiff's injuries. Kinsey v. Louisville Ladder, Inc., 2011 WL 3678648, *5 (E.D. Pa. Aug. 19, 2011) (citation to quoted source omitted). Thus, a manufacturer or seller may be relieved of liability if: (1) the product was substantially altered <u>after</u> it left the manufacturer's control; (2) the modifications were <u>unforeseeable</u> to the manufacturer; and (3) the changes to the product were a superseding cause of the user's injury. *Id.* (citation to quoted source omitted).

In <u>Rooney v. Federal Press Company</u>, the Court of Appeals for the Third Circuit compared and contrasted decisions addressing modifications made <u>by the manufacturer</u> at the purchaser-employer's request (leading to manufacturer liability), as opposed to after-the-fact modifications made directly by the purchaser (non-liability). *See id.*, 751 F.2d 140, 142-44 (3d Cir. 1984) (citing numerous cases). <u>Rooney</u> and its progeny present difficulties for Deco, in that, when reading the evidence in a light most favorable to Phoenix, the Court cannot conclude as a matter of law: that the addition of the button was an insubstantial modification; that the modification occurred after the product left Deco's control; and that the modification was unforeseeable to Deco, especially given that one of its employees physically installed the hold button and the company later stated the button's purpose/function in its operation manual.

The Court is aware that an ultimate finding of liability against Deco would be to hold it responsible for a potentially significant damages award based on the acts of a low-level employee, who attempted to satisfy a seemingly innocuous (at the time) customer request. Unfortunately, however, Deco has failed to identify legal authority permitting the Court to

overlook its employees' involvement in a modification that, under the summary judgment standards, may be construed as a cause of Plaintiff's injury. Thus, the Court is constrained to deny Deco's Motion for Summary Judgment regarding strict liability and breach of warranty.

As to negligence, although the evidence presents a close case, the Court cannot quite say that no reasonable juror could conclude that Deco's involvement may have been a proximate cause of Plaintiff's injury. Although Deco may be dissatisfied with this conclusion, it may take comfort in knowing that a jury is not likely to view Phoenix's evidence any more enthusiastically.

For these reasons, Deco's Motion for Summary Judgment will be denied.

## **CONCLUSION**

Consistent with the analyses above, the Court hereby enters the following:

## **II. ORDER**

Phoenix's and Deco's Motions for Summary Judgment (**Docs. 97 & 87**) are **DENIED**, and Uchihama's Motion (**Doc. 91**) is **GRANTED** regarding all claims against it for strict liability and breach of warranty, but **DENIED** regarding negligence.

IT IS SO ORDERED.

December 30, 2013              s\Cathy Bissoon
                               Cathy Bissoon
                               United States District Judge

cc (via ECF email notification):

All Counsel of Record